**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

| | |
|---|---|
| BRETT M. SKAUGE,<br><br>                              Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>                              Defendant. | CV-07-103-BLG-CSO<br><br>**ORDER GRANTING**<br>**COMMISSIONER'S**<br>**MOTION FOR REMAND** |

Before the Court is the Commissioner of Social Security's Motion for Remand (Court's Doc. No. 9).  The Commissioner seeks remand under sentence six of 42 U.S.C. § 405(g) for further administrative proceedings, including a new hearing.  The basis for the motion is that the Commissioner is unable to transcribe the hearing held on March 9, 2006, because of a defective CD.

Plaintiff Brett M. Skauge opposes the Commissioner's motion. *Pltf's Resp. to Mtn. for Remand* ("*Skauge's Resp.*") (Court's Doc. No. 10).  He notes that news of the defective CD was

-1-

"discouraging due to the already long process and denials of [his] claim." *Id. at 1.* He argues that the Court should deny the motion for remand and "consider the available written record and documentation supporting the claim." *Id.* He states that he "believes that the basic content of the proceedings of the March 9, 2006, hearing can be determined from a review of [the Administrative Law Judge's] Unfavorable Decision against [him] and [his] objections to the points in the Unfavorable Decision which appear in the September 5, 2006, Request for Review by the Office of Hearings and Appeals in Falls Church, Virginia and the followup Request for Review with New Evidence dated April 25, 2007." *Id. at 1-2.*

The Ninth Circuit recently summarized the standards involved with respect to the Court's authority to review and remand Social Security appeals as follows:

> Pursuant to 42 U.S.C. § 405(g), an individual may seek judicial review in the district court "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party [.]" Once a claimant brings an action under § 405(g), the district court may remand to the Commissioner of Social Security Administration only under sentence four or sentence six of § 405(g). A remand under sentence ... six[1] can be

_____

[1]Sentence six of section 405(g) provides that:

The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to

> ordered only in two particular instances: "where the
> Commissioner requests a remand before answering the
> complaint, or where new, material evidence is adduced
> that was for good cause not presented before the
> agency."

Hoa Hong Van v. Barnhart, 483 F.3d 600, 605 (9th Cir. 2007)
(citations omitted).

Here, the Commissioner has moved to remand under sentence
six because of his inability to transcribe the hearing due to a
defective recording.  The record reflects that the Commissioner
has not yet filed an answer to Skauge's Complaint.  Thus, his
request for a sentence six remand is proper.  Id.

Also, the Court concludes that the Commissioner's inability
to transcribe the hearing because of a defective recording
constitutes good cause for remand under sentence six.  Without a
proper record, the Court would be unable to determine this matter
on the merits.

Although the Court understands Skauge's disappointment in
enduring additional delays in reaching resolution of his claim,
it is essential to the administration of justice that any

---

incorporate such evidence into the record in a prior proceeding; and
the Commissioner of Social Security shall, after the case is remanded,
and after hearing such additional evidence if so ordered, modify or
affirm the Commissioner's findings of fact or the Commissioner's
decision, or both, and shall file with the court any such additional
and modified findings of fact and decision, and, in any case in which
the Commissioner has not made a decision fully favorable to the
individual, a transcript of the additional record and testimony upon
which the Commissioner's action in modifying or affirming was based.
Such additional or modified findings of fact and decision shall be
reviewable only to the extent provided for review of the original
findings of fact and decision.

decisions made with respect to his claim be informed by a fully-developed record.  <u>See</u>, <u>e.g.</u>, <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 2001) (discussing importance of a "fully and fairly develop[ed] record ... to assure that the claimant's interests are considered") (citations omitted).  While further delay is unfortunate, it is necessary to insure a fair, appropriate decision.  It is also necessary that the Commissioner take all appropriate action to eliminate such problems in the future.

In granting the motion for remand, the Court urges the Commissioner to expedite further proceedings with respect to Skauge's claim.

Based on the foregoing,

**IT IS ORDERED** that the Commissioner's motion for remand (Court's Doc. No. 9) is GRANTED under sentence six of 42 U.S.C. § 405(g), as set forth herein, and this matter is REMANDED to the Commissioner for further proceedings consistent with this opinion.

DATED this 11th day of October, 2007.


/S/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

-4-